## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEMCON TECH, LLC,

       Plaintiff,

       v.

MICRON TECHNOLOGY, INC.,

       Defendant.

C. A. No. 12-532-RGA

JURY TRIAL DEMANDED

## DEFENDANT MICRON TECHNOLOGY, INC.'S
## ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF
## SEMCON TECH, LLC'S MOTION TO LIFT STAY

OF COUNSEL:

Jared Bobrow
Aaron Y. Huang
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
jared.bobrow@weil.com
aaron.huang@weil.com

Dated: January 27, 2014

Frederick L. Cottrell, III (#2555)
Travis Hunter (#5350)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
hunter@rlf.com

*Attorneys for Defendant*
*Micron Technology, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

II.    SUMMARY OF ARGUMENT ........................................................................... 2

III.   STATEMENT OF FACTS ................................................................................. 4

IV.    ARGUMENT...................................................................................................... 4

       A.   The Court Stayed The Case Until The Entry Of A Final,
            Non-Appealable Judgment In The Applied Materials Suit........................ 4

       B.   Semcon's Dismissal Without Prejudice Of The Applied Materials
            Suit Is Not A Final, Non-Appealable Judgment ....................................... 4

       C.   Semcon's Attempt To Lift The Stay After Dismissing The
            Applied Materials Suit Without Prejudice Improperly Circumvents
            This Court's Order .................................................................................... 5

V.     CONCLUSION................................................................................................... 7

RLF1 9823248v.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borelli v. City of Reading*,
    532 F.2d 950 (3d Cir. 1976)..................................................................................5, 6

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, Federal Practice
    and Procedure § 2367 (3d ed. 2008) .........................................................................5

RLF1 9823248v.1

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Semcon Tech LLC ("Semcon") filed this patent infringement suit on April 27,

2012.   Semcon alleges that Micron Technology, Inc. ("Micron") infringes U.S. Patent No.

7,156,717 (the "Patent-in-Suit" or "'717 patent") by making, using, or selling integrated circuits

fabricated using an "Applied Materials Reflexion CMP system." D.I. 1 (Complaint) at ¶ 9.

Semcon served patent initial disclosures on October 19, 2012 and infringement contentions on

February 8, 2013, both of which indicated that its infringement allegations against Micron relate

solely to the use of certain "Reflexion"-branded tools supplied by Applied Materials, Inc.

("Applied Materials").    There has been no claim construction hearing or order.    No fact

depositions or expert discovery have been conducted.

On May 24, 2013, Semcon filed suit against Applied Materials in this District, which

case was also assigned to this Court.  *See* Case No. 13-936-RGA (hereinafter, the "Applied

Materials Suit").   Semcon alleged that Applied Materials infringes the same Patent-in-Suit

asserted in the instant case by inducing Micron's allegedly infringing use of the "Reflexion"-

branded tools accused in the instant case.  *See* Case No. 13-00936-RGA, D.I. 1 (Complaint)

¶¶ 18, 20, 37 (referencing Semcon's allegations against Micron).

Based on the overlap of issues between the Applied Materials Suit and the instant case,

and because the manufacturer of the accused products (Applied Materials) was better positioned

to litigate those issues in the first instance, on July 11, 2013, Micron moved to stay the instant

case pending resolution of the Applied Materials Suit.   D.I. 45.   Following the parties'

submission of briefing, the Court heard oral argument on September 6, 2013, whereupon it

granted the motion from the bench.  The Court stated that it was doing so because, among other

reasons, resolving the Applied Materials Suit in turn would simplify the issues in this case,

especially the invalidity issues. *See* Sept. 6, 2013 Hrg. Tr. at 41:20-42:7.[1]  The Court instructed the parties to jointly submit a proposed order that effectuated the Court's oral orders. *See id.* at 47:11-20.  Semcon thereafter jointly submitted with Micron a proposed order on September 20, 2013, which provides that: "This lawsuit, including all forthcoming deadlines, is stayed ***until such time as a final, non-appealable judgment is entered in the*** Semcon v. Applied Materials ***Suit***."  D.I. 74, Ex. 1 (Proposed Order) at ¶ 1 (emphasis added).  At no time did Semcon dispute this provision, even while it disputed others.  The Court entered the Order staying the instant case, without modification to the aforementioned provision, on September 24, 2013.  D.I. 75 (Order).

To date, no final, non-appealable judgment has been entered in the Applied Materials Suit.  Instead, on December 5, 2013, Semcon filed a voluntary dismissal of its claims against Applied Materials ***without prejudice***.  *See* Case No. 13-00936-RGA, D.I. 14.  Nonetheless, Semcon now seeks to lift the stay of this lawsuit.  As provided herein, Micron requests that the Court deny the motion, because it is contrary both to the express terms of the Court's Order and to the very purpose for which this Court entered the stay.

## II.    <u>SUMMARY OF ARGUMENT</u>

Semcon's motion improperly seeks to rewrite the Court's stay Order and should be denied.  As demonstrated in Micron's motion to stay, Applied Materials's products are the real target of this case.  *See* D.I. 46 & 56 (briefing in support of stay).  Issues overlapping in both this case and the Applied Materials Suit, such as whether the Patent-in-Suit is valid and infringed by the use of the Applied Materials tools, are more efficiently addressed first by the manufacturer

---

[1] The Court also noted that the stay was warranted because Semcon's case against Micron was still in the preliminary stages, *see* Sept. 6, 2013 Hrg. Tr. at 42:8-43:3, and because the stay would not unduly prejudice (and may even benefit) Semcon, *see id.* at 43:4-44:10.

2

(Applied Materials), which has the most knowledge of the tools and the relevant prior art, than by Applied Materials's customer (Micron). This Court agreed, as it granted Micron's motion on those grounds. To remove all doubt as to the intended duration of the stay, Semcon agreed to the form of the Court's order, which stayed the case "until such time as a *final, non-appealable judgment* is entered" in the Applied Materials Suit.[2]

There can be no question that Semcon has failed to satisfy this condition precedent for lifting the stay. Instead, Semcon collaborated with Applied Materials to enter a dismissal that is expressly *without prejudice*. Semcon presumably did so in an effort to circumvent the Court's order and reacquire the ability to reassert its stayed claims against Micron, while maintaining the ability to reassert the same claims against Applied Materials at a later time. Semcon does not dispute that such a dismissal without prejudice is neither a final nor non-appealable judgment. Moreover, Semcon has failed to satisfy the very purpose for which the Court entered the stay—to simplify the overlapping issues in the customer suits—because Semcon's dismissal of the manufacturer suit without prejudice purposefully avoided resolving any issues in the case.

There is no dispute that Semcon could have litigated to a final, non-appealable judgment against Applied Materials, and it still can. Instead, for reasons of its own, it chose not to litigate to final judgment at this time. Semcon should not be permitted to circumvent the Court's Order, merely because it has elected to preserve its claims against Applied Materials for assertion at a later time. If and when Semcon litigates its claims against Applied Materials to a final, non-appealable judgment, Semcon can seek to lift the stay thereafter. Until that occurs, however, the stay should remain in place to preserve efficiency and economy. Micron therefore respectfully requests that Semcon's motion be denied.

---

[2] Semcon stipulated to the same language in the Court's order staying Semcon's lawsuit against another Applied Materials customer, IM Flash Technologies, LLC ("IM Flash"). *See* Case No. 13-01552, D.I. 8.

III.     **STATEMENT OF FACTS**

The pertinent facts are set forth in the Nature and Stage of the Proceedings section above

and the Argument section below.

IV.     **ARGUMENT**

**The Stay Of The Case Should Continue And Should Not Be Lifted**

A.     **The Court Stayed The Case Until The Entry Of A Final, Non-Appealable Judgment In The Applied Materials Suit**

Semcon jointly submitted with Micron a proposed order that, in the very first paragraph,

expressly stayed the case "until such time as a final, non-appealable judgment is entered in the

*Semcon v. Applied Materials* Suit." D.I. 74, Ex. A at ¶ 1. Not once in the parties' many

exchanges and meet-and-confer conferences concerning the proposed order did Semcon utter any

objection to that provision, even while it contested other provisions. The Court thereafter

entered the Order staying the case, which included that provision without any modification.

D.I. 75 at ¶ 1. Semcon again did not object.

There can be no dispute that this provision means what it says: that a condition that must

be satisfied before the stay can be lifted is the entry of a judgment in the Applied Materials Suit

that is both *final* and *non-appealable*. This meaning is unambiguous and consistent with the

reasoning expressed by the Court in granting the stay of the case—namely, that before Semcon

can continue its case against the customer (Micron), it must first resolve with finality its claims

against the manufacturer (Applied Materials), so that the overlapping issues can be resolved in

the first instance by the party better suited to address them, the manufacturer. *See* Sept. 6, 2013

Hrg. Tr. at 41:20-42:7; D.I. 46 & 56.

B.     **Semcon's Dismissal Without Prejudice Of The Applied Materials Suit Is Not A Final, Non-Appealable Judgment**

There equally can be no dispute that Semcon has failed to satisfy this express condition

4

of the Court's Order. Semcon's Opening Brief only vaguely states that its case against Applied

Materials is "now dismissed." Op. Br. at 6. Indeed, that is the sole rationale it provides for

lifting the stay of the customer suit against Micron.[3] However, Semcon's brief is tellingly silent

about the most relevant attribute of that dismissal: namely, that it is *without prejudice*. *See* Case

No. 13-00936-RGA, D.I. 14. The general rule is that an order which dismisses a complaint

without prejudice "*is neither final nor appealable*." *E.g.*, *Borelli v. City of Reading*, 532 F.2d

950, 951 (3d Cir. 1976) (emphasis added); Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 2367 (3d ed. 2008). Semcon does not—and cannot—suggest that this

case deviates from the general rule. Thus, Semcon does not—and cannot—dispute that there is

no final, non-appealable judgment entered in the Applied Materials Suit.

### C.    Semcon's Attempt To Lift The Stay After Dismissing The Applied Materials Suit Without Prejudice Improperly Circumvents This Court's Order

Semcon's failure to satisfy the condition of the Order is not merely a technicality or an

academic issue. Its request to lift the stay of the customer suits, while at the same time

maintaining its right to reassert the same claims against the manufacturer at any time hereafter,

fundamentally contravenes the very purpose of judicial efficiency for which the Court entered

the stay. Namely, Micron sought—and this Court granted—the stay because the resolution of

the overlapping issues in the Applied Materials Suit could resolve and simplify the issues in this

---

[3] Semcon's brief merges together its requests to lift the stays of its customer suits against both IM Flash and Micron, and in so doing the brief also points to the dismissal of Semcon's claims against the manufacturer Ebara Technologies Corp. ("Ebara"). However, the dismissal of the Ebara Suit is relevant to the stay of Semcon's case against IM Flash, but not Micron. *Compare* Case No. 13-01552-RGA, D.I. 8 at ¶ 1 (Order staying case against IM Flash "until such time as final, non-appealable judgments are entered in both the *Semcon v. Applied Materials* Suit and the *Semcon v. Ebara* Suit") *with* D.I. 75 at ¶ 1(Order staying case against Micron "until such time as a final, non-appealable judgment is entered in the *Semcon v. Applied Materials* Suit"). This is because, in addition to allegations relating to the use of Applied Materials tools, Semcon's complaint against IM Flash also alleges infringement of the Patent-in-Suit by the use of Ebara tools, which are not at issue in the case against Micron. *See* Case No. 13-01552-RGA, D.I. 1 at ¶¶ 9-10, 14 (Complaint).

case. This Court stated at the hearing in which it granted the stay that:

> In terms of whether a stay will simplify issues at trial...in the Micron case, it seems to me that it would...fairly resolve the 101, 102, 103, 112 defenses that Micron could raise, because they've agreed to be bound by what happens on the '717 patent in the Applied Materials case. To the extent that they have some representation about the infringement issues in their brief, I will accept that, too....The potential for resolving the invalidity issues seems to me to be a significant factor for the Court's simplification. I think that favors granting the stay.

Sept. 6, 2013 Hrg. Tr. at 41:20-42:7. This Court further noted that Applied Materials, as the manufacturer of the accused products, has access to relevant information about the accused products and prior art and may have an even greater interest than its customers in litigating issues such as claim construction. *See id.* at 33:9-22. Because its claims were dismissed without prejudice, Semcon can later raise the same claims against Applied Materials and therefore present this Court with the identical issues raised in this case. *E.g., Borelli*, 532 F.2d at 951. Indeed, Semcon's Opening Brief readily admits that the dismissal of the Applied Materials Suit did not resolve any issues. *See* Op. Br. at 6. Lifting the stay of this case now would prevent the manufacturer, the party better situated to litigate the overlapping issues, from doing so in the first instance. This is precisely the sort of judicial inefficiency that the Court sought to avoid when it granted the stay.

Semcon incorrectly asserts that "the rationale for maintaining the stays no longer exists" and that there is "no continuing judicial efficiency to be gained," because "there are no further rulings on infringement, validity or any other relevant issues to await from the Applied Materials Action." Op. Br. at 6. But this is a problem solely of Semcon's own creation. There can be no dispute that Semcon could have litigated to a final, non-appealable judgment of its claims against Applied Materials and thereby simplified the overlapping issues in this case. Semcon merely has

6

chosen not to do so at this time.  This is particularly apparent in view of the fact that Semcon *has* elected to litigate to final judgment against another manufacturer, Ebara.  Unlike its case against Applied Materials, Semcon settled and dismissed its case against Ebara *with prejudice*.  *See* Case No. 13-00939-RGA, D.I. 21.  Semcon has impliedly acknowledged that its dismissal of Ebara *with* prejudice, unlike its dismissal of Applied Materials *without* prejudice, does simplify and resolve overlapping issues in the customer suit:  In Semcon's case against IM Flash, Semcon has sought to remove claims relating to Ebara tools, even while it attempts to maintain claims relating to Applied Materials tools.  *See* D.I. 78, Ex. A at 5 (email from Semcon counsel, seeking "to remove references to Ebara tools, which should no longer be in the [IM Flash] case").  Moreover, there can be no dispute that Semcon can still litigate its claims against Applied Materials first, if it so chooses.  As noted above, the dismissal without prejudice permits Semcon to reassert the same claims against Applied Materials.  And Semcon should do so, consistent with the Court's order, before burdening Applied Materials' customer, Micron, with litigation. Semcon should not be heard to complain of a problem for which the solution is within its sole control.

Thus, having failed to show—or even argue—that the condition that the Court entered has been satisfied, Semcon's request to lift the stay stands as little more than an impermissible attempt to circumvent this Court's well-justified order.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Micron respectfully requests that the Court deny Semcon's motion to lift the stay of this case.

RLF1 9823248v.1

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)
Travis Hunter (#5350)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
hunter@rlf.com

*Attorneys for Defendant*
*Micron Technology, Inc.*

OF COUNSEL:
Jared Bobrow
Aaron Y. Huang
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
jared.bobrow@weil.com
aaron.huang@weil.com

Dated: January 27, 2014

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to counsel of record, and caused to be served copies by electronic mail on the following counsel:

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Alexander C.D. Giza
Marc A. Fenster
Jeffrey Liao
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
agiza@raklaw.com
mfenster@raklaw.com
jliao@raklaw.com

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

RLF1 9823248v.1